IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY JOHNSON ) | |
| and ) | |
| NEW APPROACH MISSOURI, ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: 17-cv-1550 |
| ROLLA PUBLIC LIBRARY, ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs Randy Johnson and New Approach Missouri allege as follows:

## INTRODUCTION

1. In this civil rights action, brought pursuant to 42 U.S.C. § 1983, Plaintiffs seek judgment against Rolla Public Library for violation of their free speech and due process rights under the First and Fourteenth Amendments after their request to reserve a meeting room to hold a training session for volunteers was denied because of their viewpoint.

## PARTIES

2. Plaintiff Randy Johnson is a citizen and resident of Phelps County, Missouri.

3. Plaintiff New Approach Missouri is a nonprofit corporation that is incorporated under the laws of the State of Missouri.

4. Defendant, Rolla Public Library, is a municipal corporation duly organized under the laws of the State of Missouri.

1

## JURISDICTION AND VENUE

5. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983; the Free Speech Clause of the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment; and the Due Process Clause of the Fourteenth Amendment.

6. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution of the United States; and § 1343(a)(3) to redress the deprivation of a right secured by the Constitution of the United States.

7. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Phelps County, Missouri.

8. Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in Phelps County and Defendant is a municipality located in Phelps County.  E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

9. Defendant adopted a meeting room policy ("Policy") on October 9, 2014.

10. Under the Policy, library meeting rooms are available free of charge during normal library operating hours to nonprofit community groups and organizations sponsoring meetings and programs as long as all meetings are free and open to the general public and the room is not used for commercial use or for profit-motivated activities.

11. Requests for use of the facility must be made through Defendant's staff who reserve meeting rooms on a first come, first serve basis no more than 30 days in advance.

12. The Policy states that Defendant reserves the right to approve or disapprove any application but provides no information regarding how application decisions are made.

13. On January 26, 2017, Plaintiffs attempted to reserve a room at Defendant's facilities to conduct a training session for volunteers on how to lawfully and ethically collect signatures in order to advance a ballot proposition that would legalize medical marijuana.

14. Ms. Diana Watkins, Defendant's director, denied Plaintiffs' request when she learned about the purpose, content, and viewpoint of the meeting.

15. Defendant's meeting rooms are designated public forums.

16. Defendant denied Plaintiffs' request because of their viewpoint.

## COUNT I: FIRST AMENDMENT

*Violation of First Amendment right – 42 U.S.C. § 1983*

17. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

18. Plaintiffs were seeking access to a designated public forum.

19. Plaintiffs' request is protected by the First Amendment.

20. Plaintiffs' request did not violate Defendant's policy nor was it a violation of any law.

21. Plaintiffs request to access a designated public forum was denied because of their political viewpoint.

22. But for the content of and viewpoint expressed in Plaintiffs' request, Plaintiffs would not have been denied a meeting room.

23. A government official or agency violates the First Amendment where it has substantial power to discriminate based on the content or viewpoint of speech by suppressing disfavored speech or disliked speakers.

24. As recounted in its meeting-room policy, Defendant's unbridled authority to approve or deny an application to access a meeting room violates Plaintiffs' First Amendment rights because it tends to result in and in fact resulted in viewpoint discrimination.

25. As the director of a public library, Ms. Watkins was acting under the color of law when she denied Plaintiffs' request.

26. Because of Defendant's denial of their request, Plaintiffs were forced to relocate their training session to a meeting room at The Centre, a community center in Rolla. Reserving that room cost them money.

## COUNT II: DUE PROCESS

*Violation of due process – 42 U.S.C. § 1983*

27. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

28. By denying Plaintiffs' request for a meeting room, Defendant placed arbitrary limitations on Plaintiffs' access to a public forum and Plaintiffs' speech was therefore unconstitutionally restricted in violation of their due process rights.

29. Defendant's policies and customs related to the approval and disapproval of meeting room requests give Defendant unbridled discretion to deny public-forum access to requesters based on the requester's viewpoint.

30. Defendant's meeting spaces are a limited designated public forum, and selectively prohibiting the benefit of access to a meeting room based upon the requester's viewpoint violates due process.

31. Because of Defendant's denial of their request, Plaintiffs were forced to relocate their training session to a meeting room at The Centre, a community center in Rolla. Reserving that room cost them money.

WHEREFORE, Plaintiffs respectfully request this Court:

    A. Enter judgment in favor of Plaintiffs and against Defendant Rolla Public Library;

    B. Upon proper motion, issue an appropriate preliminary injunction;

    C. Issue an appropriate permanent injunction;

    D. Award Plaintiffs compensatory and nominal damages against Defendant Rolla Public Library for its violation of Plaintiffs' constitutional rights under color of state law;

    E. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    F. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
American Civil Liberties Union of Missouri
    Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
(314) 652-3112 (facsimile)
arothert@aclu-mo.org

5

jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
American Civil Liberties Union of Missouri
     Foundation
(816) 470-9938
gwilcox@aclu-mo.org

Attorneys for Plaintiffs

6